IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Emily C. Hewitt)

No. 06-408 T

BETA Partners, L.L.C., by and through
Alpha I, L.P., a Notice Partner,
Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

ANSWER

The defendant, the United States, by and for its first defense to the plaintiff's complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

Admits that the first sentence in the unnumbered paragraph is plaintiff's statement of its claim. Denies that plaintiff is entitled to any relief. Admits that Exhibit A is the final notice of administrative adjustment of partnership items issued to Beta Partners, L.L.C. (Beta) for the tax year 2001(Beta FPAA).

**I. <u>THE PARTIES</u>.**

1. Denies that Beta is, or was at any time, a valid partnership for federal tax purposes. Admits only that Beta has an employer identification number of 43-1946833. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of paragraph 1.

2. Denies the implied allegation that Beta was at any time a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3. Admits only that the tax matters partner of Beta designated on the 2001 partnership return was Alpha I, L.P. (Alpha). Denies the implied allegation that Beta was a valid partnership for federal tax purposes. Further denies the implied allegation that Alpha was a valid partnership for federal tax purposes.

4. Denies that Alpha was a valid partnership for federal tax purposes. Denies that Alpha had an employer identification number of 43-1936516. By way of further answer, states that Alpha had an employer identification stated on Beta's 2001 partnership return of 43-1946228. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4.

5. Denies that Alpha was a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5.

6. Admits only that the tax matters partner of Alpha designated on the 2001 partnership return was R,R,M & C Management Corporation, which had an employer identification number of 43-1936515. Denies the implied allegation that Alpha was a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6, including the implied allegation that R,R,M & C Management Corporation is a valid corporation.

7. Admits only that CWC Partnership-I (CWC) has an employer identification number of 16-1472626. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7.

8. Admits the allegations of paragraph 8.

## II. <u>JURISDICTION and RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS App. R Rules 1 and 2.</u>

9. States that jurisdiction exists, if at all, pursuant to 28 U.S.C., § 1508.

10. Denies the allegation in paragraph 10 as stated. States that a Form 1065 for Beta's partnership year ending December 27, 2001, was filed with the Internal Revenue Service at Ogden, Utah on or about April 19, 2002.

11-12. Admits the allegations of paragraphs 11 and 12.

13. Admits only that, prior to the filing of the complaint, the total amount of $13,192,562, corresponding to the amounts stated on the checks, copies of which are attached as Exhibit B to plaintiff's complaint, was applied to tax accounts of some of the purported partners described in paragraphs 5 and 7 of plaintiff's complaint. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13.

14. Admits the allegations of paragraph 14, except to deny the implied allegations that Alpha and Beta were valid partnerships for federal tax purposes.

15-17. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15-17.

**III. <u>DESCRIPTION OF THE TRANSACTIONS</u>.**

18-32. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 18-32.

33. Admits that on the Form 1065 filed by Alpha for the taxable period ending December 31, 2002, Alpha reported a long-term capital loss of $1,727,664 on a sale of 5,300 Corning shares in which Alpha claimed an aggregate adjusted basis in Corning stock of $1,747,325. Denies that the aggregate adjusted basis of the stock and capital loss were properly reported on the return. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33.

34. Admits that on the Form 1065 filed by Alpha for the taxable period ending December 31, 2002, Alpha reported a long-term capital loss of $1,798,889 on a sale of 2,650 shares of Yahoo shares in which Alpha claimed an aggregate adjusted basis in the Yahoo stock of $1,747,325. Denies that aggregate adjusted basis of the stock and capital loss were properly reported. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34.

**IV <u>THE SERVICE'S POSITION</u>.**

35. Admits the allegations of the first and fourth sentences of paragraph 35. Admits the allegations of the second and third allegations of paragraph 35, except to deny the characterization of the FPAA adjustments as "primary" in that the FPAA speaks for itself.

36. Admits the allegations of the first and third sentences of paragraph 36. Admits the allegation in the second sentence that the Beta FPAA increased Beta's partnership liabilities by

$44,293.087. Denies the remaining allegations of paragraph 36 as characterizations of the FPAA, which speaks for itself.

37. Admits only that the Service issued an FPAA to CWC on December 28, 2005, in which the Service asserted a 40% accuracy-related penalty or alternatively a 20% accuracy-related penalty. Denies the remaining allegations of paragraph 37 as characterizations of the CWC FPAA which speaks for itself.

38. Admits that plaintiff's complaint challenges all of the adjustments made by the Service in the Alpha FPAA. Denies that plaintiff is entitled to any relief. Admits that separate complaints have been filed to challenge the adjustments made by the Service in the Beta FPAA and the CWC FPAA. Denies that those plaintiffs are entitled to any relief.

## V. THE SERVICE'S POSITIONS IN THE BETA FPAA.

39-44. Denies the allegations of paragraphs 39 through 44.

## VI. PARTNERS' ERRONEOUS TREATMENT OF TAX ITEMS.

45-64. Denies the allegations of paragraphs 49 through 64.

## VII. BURDEN OF PROOF.

65. Denies the allegations of paragraph 65.

**VIII. PRAYER FOR RELIEF.**

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant and against plaintiff, determining that the adjustments made by the Beta FPAA to Beta's partnership items for the period ending December 27, 2001, are correct; dismissing plaintiff's complaint; and granting such other and further relief as is just and proper.

Respectfully submitted,

/s David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3366
(202) 514-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/David Gustafson